UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAMARA WAREKA p/k/a TAMARA WILLIAMS,<br><br>       Plaintiff,<br><br>v.<br><br>MDLM MANAGEMENT LLC d/b/a SYLK MED SPA and DOES 1 through 10, inclusive,<br><br>       Defendant(s). | Case No. 1:24-cv-4279<br>_____<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, Tamara Williams alleges as follows:

**JURISDICTION AND VENUE**

1. This is a civil action seeking damages and injunctive relief for copyright infringement and the unauthorized removal of copyright management information under the Copyright Act of the United States, 17 U.S.C. § 101, *et seq.* and 17 U.S.C. §1202.

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement and unauthorized removal of copyright management information pursuant to 28 U.S.C. § 1331 and 28. U.S.C. § 1338(a).

3. This court has personal jurisdiction over Defendant(s) because Defendant(s)'s actions alleged herein occurred in the state of New York, Defendant(s) caused injury

to Plaintiff within the state of New York, and Defendant(s) have a physical presence in the state of New York.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and/or 28 U.S.C. § 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, Defendant(s) reside in or can be found in this district, Defendant(s) conduct regular and substantial business in this district and/or is a corporate defendant whose contacts with this district are sufficient to subject it the personal jurisdiction of this Court.

5. **PARTIES**

6. Plaintiff Tamara Wareka p/k/a Tamara Williams ("Williams" or "Plaintiff") is an individual and professional photographer.

7. Defendant MDLM Management LLC d/b/a Sylk Med Spa ("Sylk") is a New York domestic limited liability company with a business address at 1535 E. 17 St., Suite 203, Brooklyn NY 11230.

8. MDLM has one or more offices and employees in New York, has conducted regular and substantial business throughout New York including this judicial district, and has transacted business with many individuals or business residing throughout New York including this judicial district.

9. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants

under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained.

10. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of Defendant named in this caption.

## FACTUAL ALLEGATIONS

11. Plaintiff Tamara Williams is a highly successful freelance photographer specializing in beauty and fashion photography. Williams is most well-known for her natural and clean model portraiture featured on her highly popular Instagram account @tamarawilliams, previously @tamarawilliams1, which has amassed almost 636,000 followers.

12. Williams' work has been featured in top publication such as *Vogue, Harper's Bazaar, Marie Claire, Elle, L'Officiel, Glamour, Cosmopolitan, Maxim,* and many more. Additionally, her work has been used commercially by brands such as *NARS, KKW, Fenty*, and *Benefit*.

13. Williams is the author and exclusive rights holder to an original close up beauty photograph of a model named Angelia (the "Angelia Photograph").

14. The Angelia Photograph as initially published contained a watermark of Williams' Instagram username "@tamarawilliams1" ("Plaintiff's Watermark").

15. A true and correct copy of Williams' Angelia Photograph, which includes Plaintiff's Watermark, is attached hereto as Exhibit A.

16. Williams registered the Angelia Photograph with the United States Copyright Office under registration number VA 2-259-542 with an effective registration date of July 13, 2021.

17. A true and correct copy registration VA 2-259-542 is attached hereto as Exhibit B.

18. Williams is the author and exclusive rights holder to an original close up beauty photograph of a model named Eva (the "Eva Photograph").

19. The Eva Photograph as initially published contained Plaintiff's Watermark.

20. A true and correct copy of the Eva Photograph, which includes Plaintiff's Watermark, is attached hereto as Exhibit C.

21. Williams registered the Eva Photograph with the United States Copyright Office under registration number VA 2-377-868, with an effective registration date of December 12, 2023.

22. A true and correct copy of registration VA 2-377-868 is attached hereto as

Exhibit D.

23. The Angelia Photograph and the Eva Photograph shall collectively be referred to as the "Beauty Photographs".

24. Defendant Sylk is a med spa offering a variety of services including dermal fillers, chemical peels, weight loss injections, and bio-stimulants among others. *See generally* https://www.sylkmedspa.com/about-us.

25. Defendant Sylk is and was at all relevant times a for-profit entity which owned or operated the Instagram account @sylkmedspa ("Defendant's Instagram") that was accessible on the World Web Web at: https://www.instagram.com/sylkmedspa/.

26. On information and belief, Defendant's generates content in order to promote Sylk's and services, attract social media followers and user traffic to Defendant's Instagram, and generate profit and revenue for the company and its owner(s).

27. At all relevant times, Defendant's Instagram was readily accessible to the general public throughout New York, the United States, and the world.

28. On or about November 1, 2023, Williams discovered that Sylk had used the Angelia Photograph on Defendant's Instagram in a post that overlayed the phrase "Prep for Lip Fillers With Me" above the Angelia Photograph and a watermark "Sylk Medspa" ("Defendant's Watermark") incorporated in the post below the Angelia Photograph (the "Angelia Infringement"). Additionally, the Angelia Infringement contained the caption: "Volume. Shape. Hydration. Come and feel fabulous with

your new improved perfect pout, tailored to you. Call and ask about our about our lip filler treatment, set up a complimentary consultation today" (the "Angelia Infringement"). A true and correct copy of the Angelia Infringement featuring Williams' Angelia Photograph is attached hereto as Exhibit E.

29. A close inspection of the Angelia Infringement reveals that Plaintiff's Watermark as shown in the Angelia Photograph attached as Exhibit B has been blurred out. A true and correct zoomed in copy of the Angelia Infringement with a side by side comparison of the original Angelia Photograph is attached hereto as Exhibit F.

30. On or about January 30, 2024, Plaintiff discovered her Eva Photograph published to Defendant's Instagram in a post that overlayed the phrase "Eye Brow Lift" above the Eva Photograph and a watermark "@sylkmedspa" ("Defendant's Handle Watermark") incorporated in the post below the Eva Photograph (the "Eva Infringement"). Additionally, the Eva Infringement contained the caption: "The Botox eyebrow lift gives that subtle lift without overwhelming the face. Natural results, always. Contact us for a consultation today: 347-988-0666, inquiries@sylkmedspa.com, Brooklyn, New York, website coming soon" (the "Eva Infringement"). A true and correct copy of the Eva Infringement featuring Williams' Eva Photograph is attached hereto as Exhibit G.

31. Defendant's Watermark and Defendant's Handle Watermark shall

collectively be referred to as "Defendant's Watermarks".

32. A close inspection of the Eva Infringement reveals that Plaintiff's Watermark as shown in the Eva Photograph attached as Exhibit C has been blurred out. Specifically, the Eva Photograph in Exhibit C has a distinctive shadow line along the model's jaw line. The Eva Photograph as used in the Eva Infringement does not have a watermark and the distinctive shadow line has disappeared, indicating that Plaintiff's Watermark was removed. A true and correct zoomed in copy of the Eva Infringement with a side-by-side comparison of the original Eva Photograph is attached hereto as Exhibit H.

33. Williams has never at any point given Defendants a license or other permission to display, distribute or otherwise use the Beauty Photographs on the Defendant's Instagram, or on any other website or platform associated with Defendants.

34. Prior to pursuing this court action, Williams, through her counsel and agents, made multiple attempts to resolve this matter directly with Defendant but the parties were unable to come to a resolution.

35. Williams is informed and believes that the purpose of the use of the Beauty Photographs on Defendant's Instagram was to promote and encourage users to use Defendant's services.

36. Williams is informed and believes Defendant (including its employees,

7
COMPLAINT

agents, contractors or others over whom it has responsibility and control) used, displayed, published, and otherwise held out to the public Williams' original and unique Beauty Photographs for commercial benefit in order to acquire a direct financial benefit, through revenue from the sales of Sylk's services from use of the Beauty Photographs.

37. Defendant(s) (including its employees, agents, contractors or others over whom it has responsibility and control) copied and uploaded the Beauty Photograph to the Defendant's Instagram without Williams' consent or authorization.

38. Defendant(s)(including its employees, agents, contractors or others over whom it has responsibility and control) willfully uploaded the Beauty Photographs onto the Defendant's Instagram account because Defendant knew it did not have permission to use the Beauty Photographs.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**U.S.C. § 101** *et seq.*

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Beauty Photographs

41. Plaintiff is informed and believes and thereon alleges that the Defendant(s) willfully infringed upon Plaintiff's Beauty Photographs in violation of Title 17 of

the U.S. Code, in that it used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Beauty Photographs of the Plaintiff without Plaintiff's consent or authority, by using them in the Infringing Posts on Defendant's Instagram.

42. As a result of Defendant(s)' violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000 pursuant to 17 U.S.C. § 504(c).

43. As a result of the Defendant(s)' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant(s).

44. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of her copyright pursuant to 17 U.S.C. § 502.

## SECOND CAUSE OF ACTION
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION
## U.S.C. § 1202(b)

45. Williams incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. Defendant (including its employees, agents, contractors or others over whom he has responsibility and control) knowingly and intentionally removed copyright management information related to the Beauty Photographs with the intent to induce, enable, facilitate, or conceal its infringement of the Beauty Photographs.

47. Specifically, Defendant made unauthorized copies of the Angelia

Photograph, and knowing it was not the rightful copyright owner of the Angelia Photograph, as evidenced by the presence of Plaintiff's Watermark, as seen in Exhibit A attached hereto, and Defendant blurred out Plaintiff's Watermark in the manner shown in Exhibit F, without Plaintiff's permission.

48. Specifically, Defendant made unauthorized copies of the Eva Photograph, and knowing it was not the rightful copyright owner of the Eva Photograph, as evidenced by the presence of Plaintiff's Watermark, as seen in Exhibit C attached hereto, and Defendant blurred out Plaintiff's Watermark in the manner shown in Exhibit H, without Plaintiff's permission.

49. Defendant's conduct was knowing and intentional because Defendant knew that it was not the copyright owner of the Beauty Photographs; Defendant knew it had not licensed the Beauty Photographs for use on Defendant's Instagram; and Defendant knew it did not have consent to use the Beauty Photographs on its Instagram or remove Plaintiff's Watermark from the Beauty Photographs.

50. Defendant's conduct constitutes a violation of 17 U.S.C. § 1202(b).

51. As a result of Sylk's violations of 17 U.S.C. § 1202(b), Williams has sustained significant injury and irreparable harm.

52. As a result of Defendant's violation of 17 U.S.C. § 1202(b), Williams is entitled to any actual damages and profits attributable to the violation of 17 U.S.C. § 1202(b), or in the alternative, Williams may elect to recover statutory damages

pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 for each violation of 17 U.S.C. § 1202(b).

## THIRD CAUSE OF ACTION
## FALSIFICATION OF COPYRIGHT MANAGEMENT INFORMATION
## U.S.C. § 1202(a)

53. Williams incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. Defendant (including its employees, agents, contractors or others over whom he has responsibility and control) knowingly and intentionally falsified copyright management information related to the Beauty Photographs with the intent to induce, enable, facilitate, or conceal its infringement of the Beauty Photographs.

55. Specifically, Defendant made unauthorized copies of the Angelia Photograph, and knowing it was not the rightful copyright owner of the Angelia Photograph, as evidenced by the presence of Plaintiff's Watermark, Defendant added its tradename, "Sylk Med Spa" as Defendant's Watermark, to the Angelia Photograph before incorporating the Angelia Photograph into the Angelia Infringement.

56. Specifically, Defendant made unauthorized copies of the Eva Photograph, and knowing it was not the rightful copyright owner of the Eva Photograph, as evidenced by the presence of Plaintiff's Watermark, Defendant added its tradename and its Instagram user name "@sylkmedspa" as Defendant's Handle Watermark, to the Eva Photograph before incorporating the Eva Photograph into the Eva

Infringement

57. Defendant's conduct was knowing and intentional because Defendant knew that it was not the copyright owner of the Beauty Photographs; Defendant knew it had not licensed the Beauty Photographs for use on Defendant's Instagram; and Defendant knew it did not have consent to use the Beauty Photographs on Defendant's Instagram.

58. Defendant intended to enable and conceal its infringement by using its own tradename, Sylk Med Spa, as Defendant's Watermarks, to mislead the public to believe that Defendant was the rightful copyright owner of the Beauty Photographs.

59. Defendant's conduct constitutes a violation of 17 U.S.C. § 1202(a).

60. As a result of Sylk's violations of 17 U.S.C. § 1202(a), Williams has sustained significant injury and irreparable harm.

61. As a result of Sylk's violation of 17 U.S.C. § 1202(a), Williams is entitled to any actual damages and profits attributable to the violation of 17 U.S.C. § 1202(a), or in the alternative, Williams may elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 for each violation of 17 U.S.C. § 1202(a).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant(s) as follows:

- For a finding that Defendant(s) infringed Plaintiff's copyright interest in the

Beauty Photographs by copying and displaying it for commercial purposes without a license or consent;

- For an award of actual damages and disgorgement of all of Defendant(s)' profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant(s) in an amount up to $150,000 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

- For an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant(s) from any further infringement of Plaintiff's copyrighted works;

- For a finding that Defendant knowingly and intentionally removed Plaintiff's copyright management information from each of the Beauty Photographs, pursuant to 17 U.S.C. § 1202(b).

- For an award of statutory damages for each violation of § 1202(b), in a sum of not less than $2,500 or more than $25,000, pursuant to 17 U.S.C. § 1203(c)(3)(B);

- For a finding that Defendant knowingly provided false copyright management information on the Angelia Photograph with the intent to induce, enable, facilitate, or conceal infringement of each of the Beauty Photographs pursuant to 17 U.S.C. § 1202(a);

- For an award of statutory damages for each violation of § 1202(a), in a sum

of not less than $2,500 or more than $25,000, pursuant to 17 U.S.C. § 1203(c)(3)(B);

- For costs of litigation and reasonable attorney's fees against Defendant(s) pursuant to 17 U.S.C. § 505;

- For pre- and post-judgment interests as permitted by law; and

- For any other relief the Court deems just and proper.


Dated: June 17, 2024        Respectfully submitted,

**/ s/ Taryn Rose Murray**
Taryn Rose Murray, Esq.
EDNY #5888896
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne Ave #200
N. Las Vegas, NV 89032
(714) 617-8340
(714) 597-6559 facsimile
tmurray@higbee.law
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff Tamara Williams, hereby demands a trial by jury in the above matter.

Dated:    June 17, 2024                    Respectfully submitted,

**s/ Taryn Rose Murray**
Taryn Rose Murray, Esq.
EDNY #5888896
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne Ave #200
N. Las Vegas, NV 89032
(714) 617-8340
(714) 597-6559 facsimile
tmurray@higbee.law
*Attorney for Plaintiff*